UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>KEYNOTE PROPERTIES, LLC, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-1647 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff Federal National Mortgage Association's ("Fannie Mae") motion for summary judgment. (ECF No. 31). Defendants Mission Hills Homeowners Association ("the HOA") (ECF No. 32) and Keynote Properties, LLC ("Keynote") (ECF No. 35) filed responses, to which Fannie Mae replied (ECF No. 39).

Also before the court is Keynote's opposition to motion for summary judgment and countermotion for FRCP 56(d) relief. (ECF No. 37). Fannie Mae filed a response. (ECF No. 39).

Also before the court is Keynote's motion to extend time to file response to Fannie Mae's motion for summary judgment. (ECF No. 33). Fannie Mae responded (ECF No. 34), to which Keynote replied (ECF No. 38).

**I.    Facts**

This action involves the parties' interests in real property located at 2305 W. Horizon Ridge Pkwy., #1721, Henderson, Nevada, 89052 ("the property"). (ECF No. 1).

*a.  Plaintiff's interest in the property*

On May 25, 2005, Jordan Fox (the "borrower") obtained title to the property via a grant, bargain, and sale deed. *Id.* On June 16, 2005, the borrower obtained a loan from First California

Mortgage Company ("First California") in the amount of $159,250.00. *Id.* The borrower also executed a promissory note in favor of First California and a deed of trust to secure repayment of the loan. *Id.* On June 23, 2005, the deed of trust was recorded showing Jordan Fox as borrower, First California as lender, Standard Trust Deed Service Company as the trustee, and MERS as the beneficiary acting solely as a nominee for lender and lender's successors and assigns. *Id.*

In July 2005, Fannie Mae acquired ownership of the loan, including the note and deed of trust. *Id.* MERS was the record beneficiary for Fannie Mae at the time of the HOA foreclosure sale. *Id.*

### b. Defendants' interest in the property

On May 22, 2012, Alessi & Koenig, LLC ("A&K"), acting on behalf of the HOA recorded a notice of delinquent assessment against the property stating the amount due as of May 22, 2012 was $1,604.52. *Id.* On September 11, 2012, A&K, on behalf of the HOA, recorded a notice of default and election to sell stating the amount due as of July 13, 2012 was $2,924.06. *Id.* On April 11, 2013, A&K, on behalf of the HOA, recorded a notice of trustee's sale stating the amount due was $5,445.86. *Id.*

On August 28, 2013, the HOA foreclosed on the property. *Id.* Keynote purchased the property at the foreclosure sale for $10,700.00. *Id.* A trustee's deed upon sale was recorded against the property on September 17, 2013. *Id.*

### c. Procedural history

Fannie Mae filed the underlying complaint on June 13, 2017. (ECF No. 1). The complaint challenges the legal effect of the August 28, 2013 HOA foreclosure sale and seeks to preserve its pre-sale interest in the property. *Id.* Fannie Mae alleges the following causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against Keynote; (2) quiet title under 12 U.S.C. § 4617(j)(3) against Keynote; (3) declaratory relief under the Fifth and Fourteenth Amendments to the United States Constitution against all defendants; (4) quiet title under the Fifth and Fourteenth Amendments to the United States Constitution against all defendants; (5) preliminary and permanent injunction against Keynote. (ECF No. 1).

On August 28, 2017, the HOA filed a motion to dismiss Fannie Mae's complaint. (ECF No. 8). The court granted in part and denied in part the HOA's motion. (ECF No. 42). The court dismissed Fannie Mae's first, third, and fifth causes of action for failure to state a claim upon which relief can be granted. *Id.* Fannie Mae's second and fourth causes of action related to quiet title survived. *Id.*

In the instant motion, Fannie Mae moves for summary judgment pursuant to the federal foreclosure bar. (ECF No. 31).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed

to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    Discussion**

As an initial matter, the court will deny as moot Keynote's motion to extend time to file its response to Fannie Mae's motion for summary judgment. (ECF No. 33). Keynote requested an extension to and including January 26, 2018. *Id.* Keynote's motion did not become ripe until

February 1, 2018. *Id.* Nonetheless, Keynote filed its response to Fannie Mae's motion on January 26, 2018, in accordance with its motion. *Id.*

In the instant motion, Fannie Mae argues that summary judgment in its favor is proper as to its claims for declaratory relief and quiet title because 12 U.S.C. § 4617(j)(3) ("the federal foreclosure bar") preempts contrary state law. (ECF No. 31).

In response, Keynote raises numerous arguments in opposition to Fannie Mae's motion. Keynote argues that Fannie Mae's motion is not based on admissible evidence, the purported securitization of the deed of trust bars application of the federal foreclosure bar, Fannie Mae consented to the sale, and that application of the federal foreclosure bar would deprive the HOA and Keynote of its property without due process. (ECF No. 37).

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent explicit agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Fannie Mae purchased the loan in July 2005 and MERS recorded an assignment of the deed of trust to Fannie Mae on October, 2014. Accordingly, Fannie Mae was both the owner of the loan and beneficiary of record of the deed of trust. This is sufficiently supported by publicly recorded documents and business records supplied by Fannie Mae. (ECF No. 31 at 5). Further, Keynote presents no contravening evidence as to the ownership of the loan at the time of the HOA foreclosure sale. For purposes of asserting the federal foreclosure bar, Fannie Mae only need establish it owns or holds the note (the note, together with the deed of trust comprise the loan). 12 U.S.C. § 4617(j)(3).

Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of Fannie Mae. *See* 12 U.S.C. § 4617(b)(2)(A)(i). However, Keynote argues that because Fannie Mae appears to have securitized the loan into a mortgage-backed security trust, Fannie Mae's ownership of the loan and the federal foreclosure bar's protection are in question. (ECF No. 37). The court disagrees. Based on a plain reading of § 4617(b)(2)(A)(i) and this court's prior holdings, securitization of the loan does not alter Fannie Mae's ownership or FHFA's ability to "succeed" to ownership of Fannie Mae's interest. *See* § 4617(b)(a)(A)(i); *see also JP Morgan Chase Bank, N.A. v. Las Vegas Dev't Grp., LLC*, No. 2:15-cv-1701-JCM-VCF, 2017 WL 937722 (D. Nev. Mar. 9, 2017); *Elmer v. JPMorgan Chase & Co.*, 707 F. App'x 426, 428-29 (9th Cir. 2017). Therefore, FHFA held an interest in the deed of trust as conservator for Fannie Mae prior to the HOA foreclosure sale on August 28, 2013.

Moreover, and despite Keynote's argument otherwise, FHFA is the entity that must consent to the property transaction, not Fannie Mae. *See* 12 U.S.C. §§ 4502(2), 4617(j)(3). Here, FHFA did not consent to the extinguishment of Fannie Mae's property interest through the HOA

foreclosure sale. As the Ninth Circuit held in *Berezovsky*, "[t]he Federal Foreclosure Bar does not require the Agency to actively resist foreclosure. Rather, the statutory language cloaks agency property with Congressional protection unless or until the Agency affirmatively relinquishes it." 869 F.3d at 929. Thus, the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust.

Fannie Mae has standing to invoke the federal foreclosure bar. FHFA does not need to be a party to the litigation in order to invoke § 4617(j)(3). *See Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 Fed. Appx. 658, 2017 WL 4712396 (9th Cir. Oct. 20, 2017) (holding a loan servicer, in addition to Fannie Mae, has standing to assert a claim of federal preemption); *Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017). Similarly, the Nevada Supreme Court recently held that the powers set forth in HERA and FHFA's regulations are intentionally broad and not limited in use only to FHFA. *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) (holding that authorized servicers of Fannie Mae "may argue that the Federal Foreclosure Bar preempts NRS 116.3116, and that neither [the Enterprise] nor the FHFA need be joined as a party."). Further, 12 C.F.R. § 1237.3 gives FHFA the authority to delegate through Fannie Mae.

Keynote argues that no admissible evidence proves that Fannie Mae held an interest in the property on the date of the foreclosure sale. (ECF No. 38). The *Berezovsky* decision is again instructive. In *Berezovsky*, the court held that Fannie Mae's business records regarding the loan's servicing and acquisition history, along with a declaration explaining the records, adequately evinced Fannie Mae's property interest. 869 F.3d at 932–33. The court upheld summary judgment in favor of Fannie Mae based on these noticed records and based on the Guide defining the servicing relationship between Fannie Mae and its servicers. *Id.* at 933.

Here, Fannie Mae attached to its motion business records regarding loan servicing and acquisition history, accompanied by a supporting declaration. *See* (ECF No. 31-1) (containing business records and supporting declaration). Under *Berezovsky*, the court may consider these records as evidence when considering motions for summary judgment. *See* 869 F.3d at 932–33. Further, similarly to the appellant in *Berezovsky*, defendant here provides no evidence to contradict

James C. Mahan
U.S. District Judge

- 7 -

plaintiff's offered documents. *Cf. id.* at 933 ("Berezovsky points to no evidence before the district court that created a material dispute regarding the legal import of Freddie Mac's exhibits concerning its interest in the property.").

Keynote also argues that application of the federal foreclosure bar amounts to a deprivation of Keynote's property interest without due process of law. (ECF No. 37). However, Keynote mischaracterizes the effect of the federal foreclosure bar. As Fannie Mae correctly asserts in its reply, "the [f]ederal [f]oreclosure [b]ar merely preserves Fannie Mae's property interest such that title interest transferred to Keynote by the HOA [s]ale remained subject to the [d]eed of [t]rust." (ECF No. 39 at 12). In other words, the federal foreclosure bar merely prevented the extinguishment of the first deed of trust, not the sale of the property to Keynote. *See Skylights*, 112 F. Supp. 3d at 1153 n.4 ("Because the protections of 12 U.S.C. § 4617(j)(3) were already in effect at the time of [the HOA] sales, so long as Fannie Mae or Freddie Mac had . . . . been placed into conservatorship before the foreclosure, the plaintiffs all purchased real property subject to FHFA's lienhold interest, and there was no deprivation of property.").

Keynote's Rule 56(d) request for additional discovery is denied as unnecessary. Through business records and publically recorded documents, Fannie Mae has sufficiently shown its interest in the property. Further, Keynote's requests additional discovery on the issues of ownership and securitization. As discussed above, Fannie Mae's alleged securitization of the loan does not impact the federal foreclosure bar's protection. Additional factual discovery on these issues will not assist Keynote in avoiding summary judgment.

**IV. Conclusion**

Fannie Mae obtained its interest in the property prior to the alleged HOA foreclosure sale. As Fannie Mae was subject to conservatorship at the time of the alleged foreclosure, and the FHFA did not consent to foreclosure, Fannie Mae's interest in the property survived the alleged foreclosure. Fannie Mae is entitled to summary judgment on its quiet title and declaratory relief claims.

Accordingly, the HOA's foreclosure sale of its superpriority interest on the property did not extinguish Fannie Mae's interest in the property secured by the deed of trust or convey the

property free and clear to Keynote.  Therefore, Fannie Mae is entitled to summary judgment on its quiet title and declaratory relief claims.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Fannie Mae's motion for summary judgment (ECF No. 31) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Keynote's opposition to motion for summary judgment and countermotion for FRCP 56(d) relief (ECF No. 37) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Keynote's motion to extend time to file response to Fannie Mae's motion for summary judgment (ECF No. 33) be, and the same hereby is, DENIED as moot.

The clerk is instructed to enter judgment accordingly and close the case.

DATED June 14, 2018.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE